IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRIS S. KING, | ) |
| | ) |
|       Petitioner/Defendant, | ) |
| | ) |
| vs. | )    CIVIL NO. 10-cv-447-MJR |
| | ) |
| UNITED STATES of AMERICA , | ) |
| | ) |
|       Respondent/Plaintiff. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Petitioner Chris King's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by King, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

In an open plea, King pleaded guilty to three counts involving the distribution of crack cocaine. On June 19, 2009, he was sentenced to 120 months imprisonment, three years supervised release, a $625 fine, and a $300 assessment. *See United States v. King,* Case No. 08-cr-30113 (S.D. Ill., filed June 3, 2008). No appeal was filed, and King later filed the instant motion under § 2255. In his motion, King presents just one argument: he asserts that he should be resentenced in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), and Amendment 706 to the Sentencing Guidelines. King believes that his relevant conduct should be recomputed as a 1-to-1 ratio for crack vs. powder cocaine.

Relief under Section 2255 is "reserved for extraordinary situations." *Prewitt v. United States*,

83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993).  A criminal defendant may attack the validity of his sentence under Section 2255 only if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255; *Prewitt*, 83 F.3d at 816.  However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal."  *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *see also Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994).  Therefore,

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, 83 F.3d at 816 (emphasis in original).  *See also Reed v. Farley*, 512 U.S. 339, 354 (1994).  The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised of direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal."

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds, Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994).

      Nothing in the instant motion indicates why King failed to present this issue on direct appeal, although it was clearly available to him.  As stated above, King was sentenced in June 2009, two years after *Kimbrough* was decided.  Moreover, he was sentenced under the 2008 version of the

Sentencing Guidelines, which incorporated the provisions of Amendment 706, and thus he has shown no prejudice from his failure to present this argument on direct appeal.[1]

## CONCLUSION

As discussed above, none of the grounds presented by King entitle him to relief under Section 2255 of Title 28. Accordingly, King's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 6th day of August, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

---

[1] The Court notes that King has raised the same argument in a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c), which is currently pending in his criminal case.